**Samuel Russell FLIPPEN, Petitioner,**

v.

**Marvin POLK, Warden, Central Prison, Raleigh, North Carolina, Respondent.**

**No. 1:01CV00674.**

United States District Court, M.D. North Carolina.

Dec. 21, 2004.

Brian K. Tomlin, Hunter Higgins Miles Elam & Benjamin, PLLC, Richard M. Greene, Greensboro, NC, for Plaintiff.

Valerie B. Spalding, Department of Justice, Raleigh, NC, for Defendant.

## ORDER

BEATY, District Judge.

On October 4, 2004, in accordance with 28 U.S.C. § 636(b), the Recommendation of the United States Magistrate Judge was filed and notice was served on the parties in this action and a copy was given to the court.

Within the time limitation set forth in the statute, counsel for Petitioner objected to the Recommendation.

The court has appropriately reviewed the portions of the Magistrate Judge's report to which objection was made and has made a de novo determination which is in accord with the Magistrate Judge's report. The court therefore adopts the Magistrate Judge's recommendation.

**IT IS THEREFORE ORDERED** that Petitioner's application for a certificate of appealability (Pleading No. 39) be **DENIED.**

*RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE*

SHARP, United States Magistrate Judge.

This matter comes before the Court on the "Application for Certificate of Appealability" filed by Petitioner Samuel Russell Flippen on September 17, 2004. (Pleading No. 39.) Respondent Marvin Polk, Warden[1], has responded in opposition. The application is ready for a ruling.

On June 8, 2004, United States District Judge James A. Beaty, Jr. entered Judgment in this matter, denying Petitioner's petition for a writ of habeas corpus. Petitioner has now applied for a certificate of appealability as to a number of claims raised in the petition. Specifically, Petitioner seeks a certificate as to Claims I.B.1, I.B.2, I.B.3, I.B.5, I.C.1, I.C.3, I.C.4, I.D, and IV.

A district court may issue a certificate of appealability from a habeas corpus adjudication against the petitioner only if the petitioner can show that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). In *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), the Supreme Court determined that, in order to obtain a certificate of appealability, a petitioner must show that "reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* at 483–84, 120 S.Ct. 1595 (citation omitted.)

Applying this standard to the case at bar, the Court finds that a certificate of

---

**1.** Marvin Polk succeeded Mr. R.C. Lee as Warden at Central Prison. The caption is hereby amended to accurately reflect Mr. Polk as the Respondent.

appealability should be denied as to all of the claims presented. The Court hereby incorporates the analyses set out in detail as to the claims in question in the Recommendation filed March 9, 2004. The Court does not believe that reasonable jurists could debate the proper resolution of the procedural or substantive issues determined by the Court, or that Petitioner's claims are adequate to deserve encouragement to proceed further.

Accordingly, **IT IS RECOMMENDED** that Petitioner's application for a certificate of appealability be denied. (Pleading No. 39.)

October 4, 2004.